Benjamin Brenner, J.
This is a proceeding under article 78 of the Civil Practice Act to annul the action of respondent which rescinded a resolution appointing petitioner as Supervisor of Home Economics.
*625 In April, 1956 the Board of Examiners of the Board of Education of the City of New York conducted an open competitive examination for a license as such supervisor. Petitioner participated and on April 27, 1959 a list of eligibles resulting from the examination was promulgated, which list consisted of 11 names, petitioner being the 10th thereon. Subsequently, from time to time, appointments were made therefrom.
It appears that the Department of State in April, 1959 issued to petitioner a Fulbright Grant to serve as an exchange teacher in England for a year ending July 23,1960. Petitioner accepted the grant and filed the required form with the Board of Education stating she would be unable to perform as a supervisor for the 1959-1960 school year because of the Fulbright award. She was granted leave with pay to fulfill the exchange contract.
On the 24th of September, 1959, all those having a higher rating on the eligible list having been appointed and petitioner being absent and unavailable by reason of the ‘1 grant, ’ ’ respondent appointed a Miss Malchiodi to a vacancy, she being next on the eligible list. While petitioner, by letter from England, protested the appointment, no action was taken by her to set it aside because, she claims, the Board of Education could have chosen the one below her in any case pursuant to its right to choose one from the top three of the list. The probable reasons for her failure to protest the appointment, however, were that she had advised the board that she would not be available for her own appointment during the 1959-1960 school year; she was actually not available by reason of the terms of her ‘1 grant ’ ’ and under subdivision 2 of section 2573 of the Education Law an appointment from the eligible list was required to be made within six months from the date of vacancy. This provision has been held to be mandatory and not discretionary (cf. Matter of Frankle v. Board of Educ. of City of N. Y., 173 Misc. 1050, mod. on other grounds 259 App. Div. 1006, affd. 285 N. Y. 541). Obviously, compliance with said provision precluded petitioner’s appointment. At any rate, on February 25, 1960, there then being a vacancy, respondent appointed petitioner to the position in question for a probationary period of three years, effective September 7,1960, which was in accordance with the requirement of the section above quoted.
On June 8,1960, as of July 27, 1959, the Board of Examiners issued a supplemental list of Supervisor of Home Economics and placed the name of Blanche Kennedy thereon. The basis for such action was the fact that Miss Kennedy had appealed her rating which was below that required for placement on the eligible list. The appeal resulted in a higher mark on her exami *626 nation which, had it been given originally, would have placed Miss Kennedy as number 5 on the list and would ordinarily result in her appointment prior to the appointment of the petitioner who was not then among the remaining top three on the eligible list. Subsequently, on July 21, 1960 the Board of Education rescinded petitioner’s appointment.
Petitioner urges that the board was without power to revoke her appointment. Subdivision 1 of section 2573 of the Education Law provides: “ The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education.” She concedes that the board could discontinue her services on recommendation of the Superintendent of Schools without cause during the probationary period but denies such power prior to the commencement of such probationary term. The quoted paragraph, section 2573, above, would tend to support petitioner’s argument. Webster defines “ probation ” as a proceeding designed to determine character, qualification, or a period of trial. If a probationary period is intended to permit a determination of a person’s fitness or ability to serve in a designated position, which determination calls for the exercise of considered judgment, it would seem a definitive determination could not be made prior to the commencement of the probationary period designed to furnish the basis for it. Respondent, however, contends that since it could have discontinued petitioner’s services without cause the day after the probationary period commenced, a fortiori it could have discontinued such services the day prior thereto.
It is nonetheless unnecessary to decide that particular question since a decision herein may be placed upon the broader ground of the power of the Board of Education to rescind an appointment, for cause, before its effective date. The controlling case in this State is People ex rel. Finnegan v. McBride (226 N. Y. 252, 259). It is authority for the holding that nonjudicial officers or bodies may correct an order resulting from illegality, irregularity in vital matters or fraud. They may not act arbir trarily, nor may they revoke their determinations, nor review their orders 11 once properly and finally made, however much they may have erred in judgment of the facts, even though injustice is the result. A mere change of mind is insufficient. Further action must, where power is not entirely spent, be for cause, with good reasons and proper motives for the correction of improper action.” Applying the law as there laid down, I find no illegality or fraud in petitioner’s appointment. There *627 was here no mere error of judgment but, in my view, an error of fact which the board properly proceeded to correct (Matter of O’Brien v. Delaney, 255 App. Div. 385). To put it another way, it was a clear irregularity of vital matter, namely, that the appointment of the petitioner, upon the promulgation of the supplemental list, was of a person who was lower thereon than the person added to such list. To have allowed the petitioner to avail herself of the designation of her, made in error of fact, would have resulted in a further or second injustice to Miss Kennedy whose rating was approximately five points higher than that of the petitioner. Respondent’s action did not result from a change of mind and its notice of appointment did not have the aspect of finality as petitioner did not enter upon the duties of her appointment. The action of the respondent was proper and within its power as it was “ for cause, with good reasons and proper motives for the correction of improper action.” The petition is dismissed.