■ In the Matter of JACK D. AGRESS et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. — In a proceeding pursuant to CPLR article 78, the appeal is from a judgment of the Supreme Court, Kings County (Kartell, J.), dated October 20, 1980, which, *inter alia,* directed appellant Board of Education of the City of New York to appoint petitioners as supervisors of education of the physically handicapped, with tenure. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioners, who were assigned in 1974 to positions as interim acting supervisors of education of the physically handicapped, brought this proceeding to compel the Board of Education of the City of New York (board) to appoint them to permanent positions as supervisors with tenure and back pay. Although they had passed a licensing examination, their opportunities for appointments were restricted as a result of the decision in *Chance v Board of Examiners* (330 F Supp 203, affd 458 F2d 1167 [2d Cir]) which held that the examination administered to candidates for supervisory positions in the New York City school system had a discriminatory effect, and preliminarily enjoined the further administration of those examinations and the promulgation of eligibility lists based upon them. Pending development of a new nondiscriminatory selection process for supervisory personnel, an interim selection process was adopted for making permanent appointments to supervisory positions. Petitioners were among those who were eligible to be considered for permanent appointment under this interim selection process, by virtue of their having passed the above-noted examination and being placed on an eligibility list. In addition to such qualifications, the selection process also encompassed, *inter alia,* screening of applications and interviews by a committee, and selection from a list of "final" candidates by the community school board or the chancellor. Petitioners, although eligible, never went through this interim selection process. Rather, their assignments, which continued for over five years, were temporary assignments, which were not made in accordance with this interim procedure. It appears from the record that there were extensive delays both in the implementation of the interim selection process and in the formulation of new nondiscriminatory selection procedures. Special Term found that the board's failure to provide petitioners with an opportunity for permanent appointment prior to the expiration of the eligibility list based upon the examination which they had passed, violated the spirit of *Chance v Board of Examiners* (*supra*) and directed, *inter alia,* that they be permanently appointed with tenure. Regardless of whether the board acted improperly in maintaining petitioners in their temporary assignments for such an extended period, or in failing to implement the interim selection process more expeditiously, the fact remains that petitioners' assignments were only temporary in nature. Their assignments were not made in accordance with the interim selection process. Such a temporary assignment, regardless of its duration, cannot ripen into a permanent assignment (see *Matter of Board of Educ. v Nyquist,* 31 NY2d 468). To permit petitioners' temporary assignments to be converted into permanent assignments, would subvert the mandate of the New York State Constitution that permanent appointments be made "according to merit and fitness to be ascertained, as far as practicable by examination which, as far as practicable shall be competitive" (NY Const, art V, § 6). Although the competitive examinations for supervisory positions were enjoined by the court in *Chance v Board of Examiners* (*supra*) an interim alternative competitive

selection process was established, and petitioners could not receive a permanent appointment unless appointed pursuant to that process. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.