■ In the Matter of NASSAU CHAPTER CIVIL SERVICE EMPLOYEES ASSOCIATION LOCAL 830, A.F.S.C.M.E., et al., Respondents, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Appellants. — In a proceeding pursuant to CPLR article 78, the appeal is from so much of a judgment of the Supreme Court, Nassau County (Oppido, J.), dated February 15, 1983, as granted that branch of the petition which sought to declare the provisional appointment of one Eugene Finelli to the position of tax map drafter III null and void. Judgment affirmed, insofar as appealed from, without costs or disbursements. Petitioner Irving Newman commenced employment with Nassau County on or about July 29, 1977. On or about December 9, 1978, he received notification from the appellant Nassau County Civil Service Commission that he had achieved a passing grade on an open competitive examination for the position of tax map drafter III. He was placed number two on eligible list number 69-918, established on or about September 23, 1979. On July 23, 1982, the commission provisionally appointed Eugene Finelli, whose name did not appear on eligible list number 69-918, to the position of tax map drafter III. After unsuccessfully protesting Finelli's appointment as illegal and after the commission announced a promotional examination for the position of tax map drafter III, the instant proceeding was instituted. Section 6 of article V of the New York State Constitution states that "[a]ppointments and promotions in the civil service * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". Promotion is the preferred mode of filling vacancies, but in certain instances, at the discretion of the State or local civil service commissions, open competitive examinations may be utilized (see Civil Service Law, §§ 51, 52). Provisional appointments are authorized but only "[w]henever there is no appropriate eligible list available for filling a vacancy in the competitive class" (Civil Service Law, § 65, subd 1). In the instant case, the commission chose to establish a list by open competitive examination, and by the terms of section 56 of the Civil Service Law, such a list remains in effect "not less than one nor more than four years" and "terminate[s] upon the establishment of an appropriate new list, unless otherwise prescribed by the state civil service department". Eligible list number 69-918 was less than three years old at the time of

Finelli's appointment on July 23, 1982. Moreover, no other list was established as of that date, nor was any other procedure prescribed by the commission. It was more than two months *after* Finelli's provisional appointment that a promotional examination was announced. Consequently, eligible list number 69-918 was indeed extant at the time of Finelli's appointment, which appointment did not comply with subdivision 1 of section 65 of the Civil Service Law. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.