OPINION OF THE COURT
Michael Wollin, J.
This proceeding was commenced in Small Claims Court and transferred to Civil Court for trial.
Claimant Debra Drexler (Drexler) is suing the respondent the City of New York (City) for $1,200 founded on the “Breach of Contract — money due and owing (salary) 6/25/83 [sic]).”
The evidence harmonizes and the facts are not disputed.
Drexler was appointed Assistant District Attorney (ADA) on September 2, 1980. At the time of her appointment a manual called general information professional staff (manual) was distributed to all ADA’s and its preface stated: “It’s expected that all appointees to the title of ADA *500 were to maintain employment with this office for a minimum period of three years” and it further advises the ADA’s on page 21 of manual as follows: “An ADA who does not meet the three year Commitment is entitled to no vacation upon leaving the office.”
Subsequently, with the election of Elizabeth Holtzman as District Attorney (DA), a memorandum dated April 13, 1982 from Lorraine Gross (Gross), the administrative chief of the office of the DA, informed all ADA’s that they would receive five weeks’ vacation after one year employment.
The Chief Executive ADA William Miller (Miller) on April 26, 1982, in a memorandum wrote, amongst other things, and confirmed the new vacation policy of five weeks previously announced by Gross.
On June 7, 1982 prior to submitting her resignation, Drexler met with David Fader (Fader), director of personnel. Fader informed Drexler that she would be paid for the week of June 21, 1982 and would receive 10 days’ pay in lieu of two weeks’ vacation. After meeting with Fader, Drexler submitted her written resignation effective June 25,1982 to the DA, which was acknowledged by the DA by letter dated June 8, 1982.
Drexler again spoke to Fader on June 25, 1982 and learned for the first time that she would not receive two weeks’ vacation pay for failing to remain with the office for the required three years.
The affirmation of Bruce Fiber (Fiber), a former ADA, was offered into evidence, with consent, confirming that he was paid for the unused vacation time, although he had only served for one and a half years.
Drexler contends that the DA’s statement that new policies would be instituted and the memoranda of Gross and Miller constituted a recall of the manual and altered the three-year commitments. She further contends that her reliance upon Fader proscribed the DA from vacating the 10 days’ pay in lieu of vacation. She urges that the retraction by the City unlawfully deprived her of her proprietary rights and was violative of the Constitution of the State of New York.
*501 The City states that the ADA’s are exempt personnel and vacation pay is subject to the discretion of the DA. It is stated that the executive staff is unable to bind the City contrary to adapted policies and estoppel is inapplicable to governmental agencies. The City further claims that Drexler is relegated to a CPLR article 78 proceeding and the present contractual proceeding is jurisdictionally defective and must be dismissed.
The court, although sympathetic to the plight of Drexler, finds her contentions unacceptable.
Exempt personnel failing to abide by the three-year requirement are unable to challenge the determination of the City. While Eiber and possibly all previous ADA’s were recipients of gratuitous vacations, an error in judgment is not binding and does not continue in perpetuity. It is not contended that the DA recalled the manual and in absence of a new manual, the old policy remains until the DA brings in the new. Two single-sheet memos by Gross and Miller do not a new manual make.
Reliance upon estoppel, equitable or promissory, is generally unavailable against a sovereign body performing in a governmental capacity. (Matter of Bloomberg-Dubin v Board of Educ., 56 NY2d 555.) But to escape an estoppel, the determination must not be made in bad faith or upon baseless grounds. (Eden v Board of Trustees, 49 AD2d 277.)
Even services sought and gainfully performed may go uncompensated, if not lawfully mandated. (Seif v City of Long Beach, 286 NY 382.)
In City of New York v Wilson & Co. (278 NY 86, 99-100), the court said as follows: “The city is not estopped from asserting its rights by these inconsistent acts, since the errors of law of employees and officers are not binding upon the city.”
There are statutes which are applicable and determinant in the instant proceeding.
The pertinent part of section 1 of article VIII of the New York Constitution prohibits the City to gratuitously “give or loan any money or property to or in aid of any individual” and subdivision 1 of section 92 of the General Municipal Law states as follows: “Notwithstanding any other *502 provision of law, any such governing board or mayor may also in like manner provide for cash payment of the monetary value of accumulated and unused vacation time or time allowances granted in lieu of overtime compensation standing to the credit of its officers and employees at the time of their separation from the service”.
While the New York Constitution interdicts gratuities, the General Municipal Law permits, but does not require, cash payment for unused vacation.
In Coates v City of New York (49 AD2d 565), an injured sanitation worker was involuntarily retired pursuant to the Administrative Code of the City of New York and was prevented from exhausting his accrued vacation time. The Appellate Division, Second Department, wrote (p 566): “we held that payment in lieu of accumulated unused sick leave was a negotiated condition of employment specified in a contract. In the absence of such statutory authority or contract, accrued unused vacation is not recoverable in money damages”.
There are cases, however, where payments have been made although services have not been rendered. But in those cases, the City terminated the services (Kranker v Comptroller of State of N. Y., 30 NY2d 574; Clift v City of Syracuse, 45 AD2d 596) or collective bargaining agreement compelled payments. (Matter of Teachers Assn. [Board of Educ.], 34 AD2d 351.)
In Matter of Antonopoulou v Beame (32 NY2d 126), a full-time lecturer was placed on maternity leave by the university from September 1,1969 through June 30,1970. The petitioner gave birth in November, 1969 and sought reinstatement beginning with the spring term February, 1970. According to the collective bargaining agreement, a hearing was held and a consent decree was issued which reinstated the lecturer effective February, 1970. Upon the failure of the City to comply, the petitioner commenced an article 78 proceeding which reached the Court of Appeals, wherein the court stated (p 133): “[T]here was a legal obligation on the part of the municipality to comply with the settlement decision, and a payment thereunder cannot be considered a ‘gift’.”
*503 Although not controlling in this decision, the court cannot accept the argument that the action is jurisdictionally defective and an article 78 proceeding is mandated.
In Board of Educ. v Levitt (42 AD2d 372, 374), Justice Cooke, for a unanimous court wrote: “ ‘An article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature but not one in respect to which an officer may exercise judgment or discretion’ ”.
In the instant proceeding, granting vacation pay for vacation time would be an exercise of judgment of discretion rather than ministerial. Drexler seeking vacation pay in lieu of vacation time is relegated to plenary action. Unfortunately, Drexler, having failed to comply with terms of her employment, cannot prevail.
For all the reasons stated, the court finds for the defendant dismissing the complaint, without costs and disbursements.