IRA MORLEY, Respondent, v FRANK C. ARRICALE, II, as Community Superintendent of Community School District No. 19, et al., Appellants.

First Department, December 11, 1984

## APPEARANCES OF COUNSEL

*Helen P. Brown* of counsel (*Michael Gage* and *Fay Leoussis* with her on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for appellants.

*Thomas M. Kennedy* of counsel (*Ira Cure* with him on the brief; *Lewis, Greenwald & Kennedy, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

FEIN, J.

 Petitioner has been a teacher in the New York City school system since 1966. On May 18, 1981, petitioner was assigned as interim acting principal at Public School (P.S.) 149 in Brooklyn. He continued in this position until March 3, 1982, when the Community School Board for District No. 19, "upon the recommendation of the Community Superintendent", resolved that petitioner be selected as the permanent principal at P.S. 149. The Board of Education, however, refused to pay petitioner the salary commensurate with that of a day elementary school principal, notwithstanding requests to that effect from the Community Superintendent, respondent Arricale. On March 2, 1983, respondent Arricale gave petitioner two days' notice of termination of his placement as interim acting principal at P.S. 149. This CPLR article 78 proceeding ensued. A temporary restraining order was issued. After suspension of the proceedings pending administrative consideration of additional evidence, the proceeding was renewed, culminating in a judgment reinstating petitioner to the position of acting principal at P.S. 149, with a principal's salary retroactive to March 3, 1982. This judgment, in our view, must be reversed.

The pertinent eligibility standards were promulgated by the Board of Education of the City of New York, Office of the Chancellor, in 1977 (Special Circular No. 30-R, 1977-1978, Dec. 8, 1977). Candidates for appointment as supervisors were required to possess a license for that position. Candidates for assignment as acting supervisors were required to possess appropriate certification by the State, or meet eligibility require-

ments to take the most recent appropriate supervisory examination. For either appointment or assignment as a school principal, a candidate was required to "offer a minimum of two years of full-time supervisory experience." What constitutes acceptable experience for candidates for the position of principal is spelled out in Chancellor's Regulation C-261, as revised in May, 1980. That regulation required two years of satisfactory, paid, full-time supervisory experience in a school or school system within the City of New York, which must include (A) full-time acting or appointed supervisory and/or administrative service in an elementary or secondary school for which a supervisory license has been established; or (B) full-time supervisory and/or administrative service in a public elementary or secondary school, absent a supervisory license, which service may include interim acting supervisory service or service as a teacher designated by the Superintendent to be in charge of a day school for at least one school term, or as a "teacher assigned" or as a coordinator under a certificate of competency designated by the Superintendent to supervise a program in a school within the district, or service as a teacher assigned by the Superintendent to supervise a special program requiring performance of duties comparable to those of an assistant principal for at least one school term.

At the time of his selection as principal of P.S. 149 by the Community School Board of District No. 19, subject to approval by the Division of Personnel of the Board of Education, petitioner listed his "supervisory experience" as follows:

"Sept. 1979 to Feb. 1, 1980 — Interim Acting Assistant Principal, P 346

"Feb. 1, 1980 to Mar. 16, 1981 — Administrative Assistant P 346

"Mar. 16 to May 18, 1981 — Special Temporary Dean P 149

"May 18, 1981 to Mar. 3, 1982 — Interim Acting Principal P 149".

The Division of Personnel credited petitioner's five months of service as Interim Acting Assistant Principal at P.S. 346 and his 9½ months as Interim Acting Principal at P.S. 149, leaving him still 9½ months short of the "[t]wo years of satisfactory, paid, full-time supervisory" experience as required in Chancellor's Regulation C-261.

The regulation also refers to "administrative" service experience, although it is unclear whether this refers only to administrative positions as opposed to supervisory positions such as principal. Respondents' interpretation is that administrative

service experience can be acceptable in meeting the requisite two-year supervisory experience level where it is demonstrated that such service was comparable to the performance of supervisory or managerial duties of a principal or assistant principal. Petitioner sought to have the 13½ month period he served as administrative assistant at P.S. 346 credited to the requisite experience. The Division of Personnel suggested that petitioner submit objective documentary evidence from contemporaneous school records, such as "school rosters, organization charts, minutes of school meetings or similar records which would verify" his claim of supervisory service experience during this period. Instead, petitioner submitted documentation including affidavits from P.S. 346 personnel (including the principal, a community board member and officers of the local P.T.A.) stating that petitioner had performed duties comparable to those of an interim acting assistant principal during the period in which he was formally assigned as an administrative assistant. The reason given for his redesignation from interim acting assistant principal to administrative assistant in February, 1980 was that there was a five-month limit on service in the former designated position. The affiants asserted that petitioner's duties while serving as administrative assistant were the same as, and merely a continuation of the duties performed as interim acting assistant principal at P.S. 346. The Division of Personnel rejected this proffered evidence as still not satisfying the requirement for contemporaneous documentary evidence that petitioner had performed supervisory duties at P.S. 346 during the period February 1, 1980 through March 16, 1981. Absent such evidence, the Division could not credit any assumed supervisory duties performed by an administrative assistant as comparable to those performed by assistant principals.

The decision not to credit petitioner's service as an administrative assistant at P.S. 346 was reasonable. The evidence shows that Morley was placed in a subordinate albeit "trouble shooting" role. There was no evidence sufficient to show that petitioner performed or was required to perform the requisite supervisory duties. The requirement of contemporaneous documentary evidence was reasonable, and not arbitrary or capricious. The local school board, albeit acting upon the recommendation of the Superintendent, was without authority to select petitioner as principal of P.S. 149 in March, 1982. As the Division of Personnel informed the local Superintendent, petitioner was ineligible for this position at the time of his selection, and thus his status must be considered to have reverted to that of interim acting principal.

Determinations as to the qualifications of candidates for pedogogical positions are within the purview of the Board of Education. As Special Term acknowledged, it "is not within the purview of this Court to substitute its judgment for that of an Administrative Agency", in the absence of a showing that the action of the agency was arbitrary or capricious. There is no such showing here. The Board of Education acted in compliance with the applicable regulatory Special Circular 30-R. The competitive selection procedure leading to assignment or appointment of a principal under Special Circular 30-R cannot be subverted without violating section 6 of article V of the New York State Constitution (see *Matter of Agress v Board of Educ.,* 86 AD2d 869, affd 57 NY2d 755).

■ Petitioner finally contends that the actions of the Community School Board and its Superintendent in appointing him to this position in March, 1982 should act now as an estoppel against his removal. However, the doctrine of estoppel is inapplicable against local governmental units to create a right not legally or rightfully obtained (*Matter of Hauben v Goldin,* 74 AD2d 804, 805). It is plainly not applicable against a governmental agency for the purpose of ratifying patent administrative error made in derogation of formally adopted selection standards and procedures (see *Matter of Bloomberg-Dubin v Board of Educ.,* 82 AD2d 854, 856, affd 56 NY2d 555).

■ Respondents assert that this proceeding is procedurally defective in that petitioner failed to serve a timely notice of claim in accordance with section 3813 of the Education Law. The purpose of section 3813, which requires presentment of the claim to the school district's governing body within three months after accrual, is to give the school district prompt notice of such claim in order that investigation might be conducted in a timely manner (see *Parochial Bus Systems v Board of Educ.,* 60 NY2d 539, 547-549). As such, it is a condition precedent to the commencement of an action against any school district or Board of Education (*Public Improvements v Board of Educ.,* 56 NY2d 850). In this case, however, where time was of the essence, petitioner brought on this article 78 proceeding by order to show cause on March 4, 1983, the date his removal was to take effect, and followed with a notice of claim 3½ weeks later, on March 28. Inasmuch as the proceeding was subsequently withdrawn pursuant to stipulation on April 1, and then restored to the calendar by order to show cause less than five weeks later, on May 4, 1983, it cannot fairly be argued that respondents were without notice of the pendency of this claim. Accordingly, we have considered and decided this case on its merits.

Accordingly, the judgment of the Supreme Court, New York County (Alfred M. Ascione, J.), entered on June 21, 1983, granting an injunction against removal of petitioner from his position as principal at P.S. 149, further directing respondents to accept petitioner's supervisory and administrative qualifications as having met the eligibility requirements for the position of day elementary school principal, and directing back pay at the principal's salary from the date of dismissal, should be reversed, on the law, without costs, the judgment vacated, the petition denied and the proceeding dismissed.

SANDLER, J. P., ASCH, SILVERMAN and KASSAL, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 21, 1983, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated, the petition denied and the proceeding dismissed.