■ In the Matter of CLARENCE W. PURVIS, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to void a readvertisement of a vacancy in the position of chief attendance officer in the Bureau of Attendance of the respondent Board of Education, dated February 19, 1985, and to declare the petitioner's rights to title, pay, tenure, and back pay with respect to that position, the petitioner appeals from a judgment of the Supreme Court, Kings County (Aronin, J.), dated August 13, 1985, which, upon granting the respondents' cross motion to dismiss the petition, dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

On September 19, 1980, the petitioner Clarence Purvis was designated as an interim acting chief attendance officer in the Bureau of Attendance of the Board of Education. Purvis alleges that he performed the duties of that position from that date, without interruption, until the date that this proceeding was commenced by notice of petition and petition, to wit, on or about March 28, 1985.

More than one year after Mr. Purvis began acting in this interim capacity, the respondent Edward Aquilone, the executive director of the Division of Personnel of the respondent Board of Education, issued an advertisement, dated February 8, 1982, which included a notice of a vacancy in the office of chief attendance officer of the Bureau of Attendance. This advertisement advised prospective candidates that the advertised positions were to be filled in accordance with "Special Circular 30R" and that "[p]ersons selected shall be assigned as acting supervisors until such time as they are licensed by the Board of Examiners and subsequently appointed".

The petitioner was among those who applied for assignment as an acting chief attendance officer, which position would (as opposed to the position of *interim* acting chief attendance officer) carry with it a higher salary, pursuant to various resolutions of the Board of Education. Pursuant to the selection procedures outlined in Circular 30R, the petitioner was chosen by a screening committee and then, allegedly, recommended to the Chancellor by a second selection committee on or about July 1, 1982. However, the Chancellor failed to assign the petitioner as an acting chief attendance officer.

More than two years elapsed before the vacancy in this position was readvertised by way of a notice dated February 19, 1985. The petitioner then commenced this proceeding in which he sought to "void * * * the * * * Readvertisement of February 19, 1985 and declaring [his] rights to the title, pay, tenure and back pay with interest of the position of Chief Attendance Officer". The petitioner also sought a declaration "that no vacancy exists in the position".

By notice of cross motion dated May 14, 1985, the respondents moved to dismiss the proceeding, pursuant to CPLR 7804 (f), on the grounds that the petition failed to state a claim upon which any relief could be granted, and that the proceeding was barred by the Statute of Limitations (see, CPLR 217). Special Term granted the motion to dismiss. We affirm.

The petitioner, who has retired since having taken this appeal, now claims that he is entitled to back pay from September 19, 1980, the date he assumed his responsibilities as interim acting chief attendance officer, or, at least, from July 1, 1982, the date that it was certified that the petitioner had successfully completed the two-tiered interview process set forth in Special Circular 30R. The validity of this claim depends, of course, on whether the petitioner has alleged facts sufficient to establish that he had a legal right either to have ·been permanently appointed as chief attendance officer, or to have been assigned as an acting chief attendance officer, as of either of those dates. We agree with Special Term that the petitioner has failed to show any legal right to such an appointment or assignment.

This case is governed by Special Circular 30R, which was issued in the aftermath of Federal litigation (see, Chance v Board of Examiners, 330 F Supp 203, affd 458 F2d 1167), in which it had been determined that the competitive examinations used by New York City education authorities to fill vacancies in supervisory positions in the school system were de facto discriminatory. The provisions of Special Circular 30R "govern the process leading to the assignment of acting supervisors and the appointment of licensed supervisors" pending the formulation of nondiscriminatory examinations. Although these provisions were designed to be temporary, they have been in effect for more than a decade, and even at the time of the respondents' motion in this case, no new competitive examination for the title of chief attendance officer had been formulated.

It is clear that since the petitioner was never licensed as a chief attendance officer, he was never eligible for permanent appointment to that position pursuant to the terms of Circular 30R (tit III [A] [1] [b]). His placement as an interim acting supervisor cannot ripen into a permanent appointment under these circumstances, regardless of the duration of his service in that position (see, Matter of Agress v Board of Educ., 86 AD2d 869, affd 57 NY2d 755; see also, Matter of Board of Educ. v Nyquist, 31 NY2d 468). Similarly, while the petitioner was eligible for an assignment as an acting supervisor (see, Circular 30R [tit III (A) (1) (a)]), the fact remains that he was never chosen for that position by the Chancellor in 1982. Under the provisions of Circular 30R (tit III [A] [12] [b]) the Chancellor is given full discretion to decide whether to assign a candidate who has completed the two-tiered interview procedure. The petitioner was not chosen by the Chancellor.

The petitioner argues that under the provisions of Special Circular 30R, the Chancellor had no authority to continue his placement as an interim acting supervisor for more than five months after the occurrence of the vacancy. We agree with this argument. Special Circular 30R provides, in part, that "[s]ince it is the intention of this circular that all vacancies be filled promptly in accordance with the procedures set forth, the authority to continue interim acting assignments in vacancies shall terminate in five (5) months and shall in no event be used to delay the filling of vacancies in accordance with the procedures of this Circular".

We construe this language as mandatory, rather than directory (cf., Matter of Frankle v Board of Educ., 173 Misc 1050, mod on other grounds 259 App Div 1006, affd 285 NY 541; Matter of Abrahams v Board of Educ., 26 Misc 2d 624; Matter of Mulry, 14 Ed Dept Rep 325, 327 [holding that Education Law contains mandatory time limitations within which appointments are to be made]). We see no excuse for the inordinate delay in properly filling the vacancy in the office of chief attendance officer; indeed, the respondents offer no excuse for such delay. However, the petitioner appears to have acquiesced in this delay, and apparently never demanded that the vacancy be filled in accordance with Circular 30R within the prescribed time. The respondents' (or their predecessors') failure to timely fill the vacancy in the position of chief attendance officer may have enabled the petitioner to demand that the position be filled, and, upon a refusal to do so, to apply for an order of mandamus to compel the respondents to fill the position. However, the respondents' failure to fill the vacancy

within the prescribed time limitation did not operate to automatically confer upon the petitioner the right to that position.

Accordingly, we find that the position of chief attendance officer was never properly filled, and further find that the petitioner's performance of the duties of that title on an interim basis did not operate to confer on him a right to that position. In view of this determination, we need not address the Statute of Limitations issue. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.