■ HELEN J. GRISHMAN, Respondent, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County (Herman Cahn, J.), entered January 25, 1991, which, inter alia, denied the defendants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, to the extent appealed from, the cross motion is granted and the complaint is dismissed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

The plaintiff, a former Assistant District Attorney in Bronx County, instituted this action to recover $106,125 plus interest for accrued and unused sick leave (209 days), accrued and unused vacation time (50 days) and for terminal leave, accumulated unused sick leave of an employee with more than ten years' municipal service. The plaintiff commenced her employment with the Bronx County District Attorney's Office on July 31, 1967. When she voluntarily resigned on April 17, 1987, she held the position of Administrative Assistant District Attorney. She alleged that she was entitled to compensation for unused sick and vacation leave pursuant to the "Leave Regulations For Employees Who Are Under The Career and Salary Plan" ("Career Salary Plan"), adopted by the Board of Estimate of the City of New York in 1956, and "Personnel Policy and Procedure No. 619-77a", issued by the City in 1977. She further relied on promises purportedly made to her by the late District Attorney Mario Merola, on attempts by other officials of the office to obtain such benefits for themselves and on compensation provided to other assistants who left the office, in support of her claim.

The plaintiff moved for summary judgment and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied both motions, concluding that the plaintiff raised questions of fact concerning District Attorney Merola's selective application of office policy which pre-empted administrative regulations with regard to leave and that based on the papers submitted, it could not be determined whether the administrative regulations permitted compensation for unused sick leave and terminal leave. The

plaintiff has not appealed from that portion of the order denying her motion for summary judgment.

We agree with the defendants that it was error to deny their cross motion for summary judgment dismissing the complaint.

The Career Salary Plan, established in 1956, was accepted by the Bronx District Attorney's Office and sets forth time and leave regulations as they pertain to certain defined classes of employees. Pursuant to section 1.0c, exempt class employees are excluded from the leave regulations of the Plan. Assistant District Attorneys were classified as "exempt" by the State of New York prior to the time the plaintiff began her employment and this classification continued after responsibility for administering the Civil Service Law with respect to employees of county offices was transferred to the City.

In 1977, the New York City Department of Personnel adopted Personnel Policy and Procedure No. 619-77a which provided that: "Full-time per annum employees who are not covered by the leave regulations for employees who are under the Career and Salary Plan, or by the regulations governing leaves for employees and officials whose salaries are established under the Managerial Pay Plan and/or the Executive Pay Plan, or by leave plans adopted by the Comptroller of the City of New York, or by other leave plans, or by leave provisions in agreements or contracts with employees or employee organizations, are covered by the leave regulations for employees who are under the Career and Salary Plan."

The City left it to the District Attorneys of each county to determine whether or not to adopt Personnel Policy and Procedure No. 619-77a for their Assistant District Attorneys. Bronx County did not adopt the policy for its assistants.

In general, a public employee whose employment has terminated may not recover the monetary value of unused vacation and sick time in the absence of statutory or contractual authority (*Matter of Antonopoulou v Beame*, 32 NY2d 126; *Matter of Rubinstein v Simpson*, 109 AD2d 885; *Coates v City of New York*, 49 AD2d 565; *Lombardi v City of New York*, 46 AD2d 750, *affd* 38 NY2d 727). As an Assistant District Attorney, the plaintiff was not entitled to compensation for accrued leave under either the Career Salary Plan or the Personnel directive. By voluntarily resigning from her position, the plaintiff effectively waived her right to be compensated for unused vacation and sick time (*see, Clift v City of Syracuse*, 45 AD2d 596). Unlike an employee whose services are involun-

tarily terminated, the plaintiff had the opportunity to use the time she earned *(supra; see, May v Board of Educ.,* 170 AD2d 920). Although the plaintiff maintains that the demands of her job prevented her from utilizing the time owed her, there is nothing in the record to suggest that she would have been penalized by her employer for doing so. No statutory or contractual provision exists to authorize compensation for voluntarily foregoing the benefits to which she was entitled.

Nor can the plaintiff's equitable claim survive on the purported representations made to her by Mr. Merola, by efforts of other high-ranking officials to obtain these benefits for themselves or on the fact that three other Assistant District Attorneys, whose termination of employment was involuntary, were compensated for accrued time. It is well settled that the doctrine of estoppel is unavailable against a public agency *(Public Improvements v Board of Educ.,* 56 NY2d 850; *Morley v Arricale,* 104 AD2d 207, *affd* 66 NY2d 665), and cannot be relied on to create a right where none exists *(see, Matter of Hauben v Goldin,* 74 AD2d 804). Assuming the truth of the plaintiff's allegations, " '[t]he city is not estopped from asserting its rights by these inconsistent acts, since the errors of law of employees and officers are not binding upon the city' " *(Drexler v City of New York,* 122 Misc 2d 499, 501, quoting *City of New York v Wilson & Co.,* 278 NY 86, 99-100, *rearg denied* 278 NY 702).

Based on the foregoing, the defendants' cross motion for summary judgment is granted and the complaint is dismissed. Concur—Milonas, J. P., Rosenberger, Wallach and Kassal, JJ.