■ In the Matter of BARBARA VACCA, Respondent, v TOWN OF SOUTHEAST, Appellant. [614 NYS2d 541] —In a proceeding pursuant to CPLR article 78, to compel the Town of Southeast to permanently appoint the petitioner to the civil service position of Clerk in its Building Department, the appeal is from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated November 10, 1992, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

Civil Service Law § 65 (1) states that provisional appointments are authorized "[w]henever there is no appropriate eligible list available for filling a vacancy in the competitive class" and that the person nominated by the appointing officer has been certified by the State Civil Service Department or municipal civil service commission as qualified.

In this proceeding, the evidence establishes that the Putnam County Civil Service Commission maintained a continuing eligible list for the position of Clerk. Although the petitioner had taken the competitive civil service examination for the position of Clerk, she had not yet received the results of the test when she was provisionally appointed as a Clerk in the Building Department of the Town of Southeast (hereinafter the Town), which is located in Putnam County. Thus, the petitioner was not on the eligible list for the Clerk position when she was provisionally appointed, and her appointment to that position was null and void *(see, Matter of Nassau Ch. Civ. Serv. Empls. Assn. Local 830 v Nassau County Civ. Serv. Commn.,* 97 AD2d 416).

We do not find that the petitioner's subsequent placement on the eligible list for the Clerk position is a basis to award her permanent status. The petitioner's initial appointment was made in violation of Civil Service Law § 61 (1) and in contradiction of the strong public policy that appointments to civil service positions shall, as far as practicable, be made according to merit and fitness as ascertained, to the extent possible, by competitive examination *(see,* NY Const, art V, § 6; *Matter of Giordano v Henry,* 44 AD2d 835).

The petitioner's provisional appointment did not ripen into a permanent appointment by virtue of her continued employment in the Clerk position in excess of the nine-month time limit imposed on provisional appointments by Civil Service Law § 65 (2) and (3) *(see, Matter of Becker v New York State Civ. Serv. Commn.,* 61 NY2d 252, 255).

Finally, estoppel is not available against the Town in this proceeding *(Morley v Arricale,* 104 AD2d 207, 211, *affd* 66 NY2d 665). Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.