■ In the Matter of DAVID R. KOZLOW, JR., Petitioner, v CITY OF NEW YORK, Respondents. [21 NYS3d 68]—

Determination of respondents, dated August 23, 2013, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered Dec. 9, 2014), dismissed, without costs.

Substantial evidence supports respondents' finding that petitioner had engaged in numerous acts of misconduct, including failing to follow proper procedure in presenting a prisoner at the station house; delaying his return to the station house in order to earn overtime; abandoning a fixed post; failing to follow directions to proceed immediately to a post; writing improper comments on his monthly report; and being discourteous to supervisors (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). There exists no basis to disturb the credibility determinations of the Hearing Officer (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]).

Given petitioner's prior disciplinary record, which included prior dismissal probations, and in light of the number and persistency of his infractions, termination from employment does not shock our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]). Contrary to petitioner's contention, the Police Commissioner was authorized to impose the penalty of a 30-day suspension without pay and to dismiss petitioner from the police force (*see* Civil Service Law § 75 [3-a]; Administrative Code of City of NY § 14-115 [a]). Petitioner was also not entitled to his unused accrued vacation and sick leave since he was terminated from employment (*see Grishman v City of New York*, 183 AD2d 464, 465 [1st Dept 1992], *lv denied* 80 NY2d 760 [1992]).

Respondents properly denied issuing petitioner a Pistol License Inquiry Response Form. After being served with the charges and specifications, petitioner was placed on modified assignment and his firearm privileges were revoked and he never sought a change in that status prior to the time of his dismissal (*see Matter of Baloy v Kelly*, 92 AD3d 521, 522 [1st Dept 2012]). Concur—Sweeny, J.P., Acosta, Andrias and Moskowitz, JJ.