■ BOARD OF EDUCATION OF ISLAND TREES UNION FREE SCHOOL DISTRICT No. 26 et al., Petitioners, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated March 15, 1978, which affirmed an order of the State Division of Human Rights, dated August 24, 1976: (1) finding, inter alia, that petitioners had discriminated against the complainant and (2) directing petitioners to (a) temporarily restore complainant to his teaching position with back pay and (b) reconsider him for tenure at the next regularly scheduled meeting of the petitioner board of education, without regard to his national origin. Order confirmed and proceeding dismissed, without costs or disbursements. The determination of the State Division of Human Rights was supported by substantial evidence (see Executive Law, § 298). Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.

■ FRANK BOVA, Appellant, v MERCHANTS AND BUSINESS MEN'S MUTUAL INSURANCE COMPANY, Respondent.—In an action on a policy of fire insurance, the plaintiff appeals from an order of the Supreme Court, Westchester County, dated March 16, 1978, which granted defendant's motion to change venue to Franklin County and denied his cross motion, inter alia, for summary judgment, and from so much of two further orders of the same court, dated April 11, 1978 and June 6, 1978, respectively, as, upon reargument, adhered to the original determinations. Appeals from the orders dated March 16, 1978 and April 11, 1978 dismissed as academic. These orders were superseded by the order dated June 6, 1978. Order dated June 6, 1978 affirmed insofar as appealed from. No opinion. Defendant is awarded one bill of $50 costs and disbursements to cover all appeals. Damiani, J. P., Rabin, Gulotta and O'Connor, JJ., concur.

■ HERBERT COOPER, Appellant, v C. ITOH & Co., LTD., et al., Respondents.—Judgment of the Supreme Court, Nassau County, entered November 15, 1977, affirmed, with costs, on the opinion of Mr. Justice Meade at Special Term. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.

■ BEVERLY A. CRONK, as Executrix of LEO BURNS, SR., Deceased, Appellant, v TOWN OF BABYLON, Respondent.—In an action to compel the payment of the unused sick leave benefits of a public employee, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County, dated June 16, 1977, as granted summary judgment in favor of defendant. Order affirmed insofar as appealed from, without costs or disbursements. Sick leave benefits for plaintiff's decedent were at all relevant times governed by the pertinent Rules and Regulations of the Town of Babylon, which were duly enacted pursuant to section 92 of the General Municipal Law. Those rules and regulations do not authorize the town to pay plaintiff for her decedent's sick leave which was unused at the time of his retirement (see rule II, subd [b] [resolution of the Town Board of the Town of Babylon, passed Feb. 21, 1967]). Plaintiff has not attacked the constitutionality of those provisions per se. We find plaintiff's contentions that defendant violated the decedent's constitutional rights to be without merit. Hopkins, J. P., Martuscello, Latham and Cohalan, JJ., concur.