OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and judgment granted in defendants’ favor declaring that the February, 1977 resolution passed by the City of Kingston limiting the tax levy on plaintiff’s housing project is a nullity, and is not, and has never been, binding on defendants.
*708 Municipal contracts which violate express statutory provisions are invalid (Seif v City of Long Beach, 286 NY 382; Kelly v Cohoes Housing Auth., 27 AD2d 463, affd 23 NY2d 692; Albany Supply & Equip. Co. v City of Cohoes, 25 AD2d 700, affd 18 NY2d 968). Applying this principle, the city’s 1977 resolution granting respondent a partial tax exemption was a nullity since it was not authorized under the express terms of section 125 (subd 1, par [a]) of the Private Housing Finance Law, which allows municipalities to contract for such exemptions only with “any redevelopment company”; concededly, respondent was not a “redevelopment company” at that time. Furthermore, because a governmental subdivision cannot be held answerable for the unauthorized acts of its agents (Albany Supply & Equip. Co. v City of Cohoes, supra; People v Baldwin, 197 App Div 285, 291, affd 233 NY 672), we have frequently reiterated that estoppel is unavailable against a public agency (e.g., Public Improvements v Board of Educ., 56 NY2d 850; Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and judgment granted in favor of defendants in accordance with the memorandum herein.