OPINION OF THE COURT
Bernard Burstein, J.
In this declaratory judgment action, both sides move for summary judgment. The court awards judgment to defendant (hereinafter City) declaring that the agreement of August 18, 1980 is ineffective to waive any part of the full interest due defendant on unpaid taxes until the date of payment; that plaintiff shall have the right to pay the obligation by quarterly payments of $20,700, with the City to have the right to apportion part of each payment toward the outstanding interest due; and finally that the unpaid obligation shall constitute a lien on the property, and that the City is not obligated to withdraw this parcel from the in rem action until all payments, including interest at the statutory rate up to the date of payment, have been received.
At the time of the agreement between the plaintiff’s predecessor (hereafter School) and the City, on August 18, 1980, the outstanding obligation (taxes, interest to date, and penalty) was *286 about $415,856.48. The agreement, signed by a deputy collector of the City, allowed the taxpayer to make an initial payment of $82,730, and thereafter to make 16 quarterly payments of $20,700 (totaling $413,930). The School made the initial payment and the three quarterly payments before conveying the parcel to plaintiff, who continued to make the quarterly payments (as well as to pay current taxes).
Plaintiff takes the position that a payment of the 16 installments fully discharges the obligation. The City maintains that plaintiff must additionally pay interest on those amounts (at the statutory rate) from the date of the agreement to the date of payment, and has from the beginning apportioned part of each $20,700 payment toward such interest, which is reflected in the receipts issued by the City. City officials, in a conference with plaintiff’s attorney before plaintiff acquired title, indicated a willingness, and the City is still willing, to allow plaintiff to pay in quarterly installments of $20,700, but, under the City’s practice of apportioning part of each such payment to interest, it will take more than 16 payments to discharge the full obligation. The court accepts the City’s position.
Although an agreement will not be construed to require interest on an obligation unless specifically set forth therein, the City’s claim of interest is based not on contract but on statute, which is a sufficient basis, unless expressly waived. On the basis of paragraph 3 of the agreement, which requires, in addition to the 16 installments, that the taxpayer pay “all current taxes, assessments or other legal charges as they become due” (emphasis added) it might be argued that there was no waiver of statutory interest as it becomes due after August 18, 1980.
Further, there is uncontradicted evidence that the City and the School came to an understanding in early 1981 after the agreement, embodied in a letter by the deputy collector, that part of the 16 payments would be apportioned to interest as required by statute. Evidence of this understanding would not be barred by the paroi evidence rule, which applies only to prior or contemporaneous agreements. It is not disputed that this position of the City (required by law) was conveyed to plaintiff’s attorney prior to plaintiff acquiring title.
But it is not necessary to rely on either of these arguments. If the agreement did, arguendo, provide as alleged by plaintiff it is sufficient to defeat plaintiff’s position to invoke the principle that any municipal contract which violates express statutory provisions is invalid. (Granada Bldg. v City of Kingston, 58 NY2d 705, 708 [involving an unauthorized tax exemption]; see *287 also, City of Zanesville, Ohio v Mohawk Data Sciences Corp., 97 AD2d 64, 66-67; 40 NY Jur, Municipal Corporations, §§ 815, 817.)
New York City Charter § 1520 directs the Commissioner of Finance to “charge, receive and collect the interest and penalties upon taxes on real estate not paid when due and payable in such manner and at such rates as shall be provided by law”. Similarly, Administrative Code of the City of New York § 415(l)-8.0 (Local Laws, 1977, No. 54 of City of New York, eff Jan. 1,1977) in the form of a prohibition provides: “The commissioner of finance shall not reduce the rate of interest upon any taxes or assessment below the amount fixed by law.” This has been construed in Matter of City of New York (Rockaway Beach — Hammel Boardwalk Corp.) (288 NY 51, 57) to mandate that the City Collector “collect interest on delinquent taxes *** to the date of payment and [to] account to the city for the interest collected as part of the delinquent tax liens”. The Administrative Code provides that “all taxes, assessments and water rents and interest thereon constitute liens until paid” (p 57; Administrative Code § 415[l]-7.0).
In Granada Bldg. v City of Kingston (58 NY2d 705, 708, supra), it was the City Council of the defendant City that intentionally, by a contract with plaintiff, granted a tax exemption, and the court’s basis for setting it aside was that “[mjunicipal contracts which violate express statutory provisions are invalid”. This applies with equal, if not with much greater force, to the lower level individuals who mistakenly omitted to state their true intention in clearer language. Further, since the limitations on the authority of City officials is a matter of public record there is the conclusive presumption that the other party to the agreement (or its successor) was aware of the true extent of their authority (Lindlots Realty Corp. v County of Suffolk, 278 NY 45, 53), and must bear the risk of loss from unauthorized action rather than to permit a statute to be contravened. (City of Zanesville, Ohio v Mohawk Data Sciences Corp., 97 AD2d 64, 66-67, supra.) This is a stronger case because there was no “loss” to plaintiff, who acquired the property with full knowledge of the City’s position. But even were it otherwise, the doctrine of estoppel could not be here applied to the prejudice of the public. (Granada Bldg. v City of Kingston, supra.)
Common sense dictates this decision. Otherwise, significant statutory protections, for public benefit, coul<jl be nullified at will or by inadvertence, resulting to a loss to the public and, in this case, also an unfairness in treatment between taxpayers. *288 Surely, plaintiff’s predecessor had done nothing to warrant being treated better than other delinquent taxpayers, and plaintiff is not entitled to any greater rights, more clearly not where he conferred no benefit to the City (compare, Seif v City of Long Beach, 286 NY 382), but rather has been given a benefit (more time to avoid loss of the property by foreclosure) — which benefit however should not be at a cost to the public.