■ SYRACUSE ORTHOPEDIC ASSOCIATES, Respondent, v CITY OF SYRACUSE et al., Appellants.—Order unanimously reversed on the law without costs and motions granted. Memorandum: Special Term improperly denied defendants' motions for summary judgment dismissing the complaint. In its complaint for specific performance or damages, plaintiff relies upon an alleged oral contract whereby defendants agreed to reserve parking spaces for the benefit of plaintiff in a municipal parking garage. In their answers, defendants City of Syracuse and County of Onondaga set forth the affirmative defense that the agreement is invalid because it was not executed as provided by the Charters of the City of Syracuse and of the County of Onondaga. Charter of the City of Syracuse § 8-113 (1) provides that the Mayor, the Commissioner of Purchase, or any officer designated by the council may sign contracts, and that "[n]o contract shall be valid unless signed by an autho-

rized officer". Section 2102 of the Charter of the County of Onondaga provides that "any contract to which the county is a party shall require approval by the board of supervisors." It is conceded that, in the case of the city, neither the contract nor a memorandum embodying its terms was signed by an authorized officer, and in the case of the county, the contract was not approved by the Board of Supervisors. The failure to comply with the Charter provisions rendered the agreement invalid and unenforceable (see, Granada Bldgs. v City of Kingston, 58 NY2d 705, 708, rearg denied 58 NY2d 825; New York Tel. Co. v Town of N. Hempstead, 41 NY2d 691, 695-696; City of Zanesville v Mohawk Data Sciences Corp., 97 AD2d 64, 66-67). Nor are defendants estopped from challenging the validity of the contract. Estoppel is unavailable against a public agency in these circumstances (Granada Bldgs. v City of Kingston, supra; Seif v City of Long Beach, 286 NY 382, 387, rearg denied 287 NY 836; City of Zanesville v Mohawk Data Sciences Corp., supra, at 67). The cases relied upon by Special Term may be distinguished. In both Lindlots Realty Corp. v County of Suffolk (278 NY 45) and Vrooman v Village of Middleville (91 AD2d 833, 834, lv denied 58 NY2d 610), the municipalities had failed to plead noncompliance with the Charter provisions as affirmative defenses. Moreover, Lindlots (supra) was an action to rescind the agreement, and the Court of Appeals expressly recognized that, if the plaintiff were seeking damages or specific performance, it could not succeed (see, Lindlots Realty Corp. v County of Suffolk, supra, at 52-53, 54). (Appeal from order of Supreme Court, Onondaga County, Stone, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.