■ BOARD OF EDUCATION OF BLOOMFIELD CENTRAL SCHOOL

DISTRICT, Appellant, v CHRISTA CONSTRUCTION, INC., et al., Respondents. (Appeal No. 1.)—Order unanimously reversed on the law with costs, defendants' motion denied, and plaintiff's application granted. Memorandum: Plaintiff school district appeals from separate orders denying its applications to stay arbitration and instead granting cross motions by defendants to compel arbitration of their claims to recover for change orders, extra work, and delay damages in connection with a school construction project. Plaintiff, having expended the entire $9,307,800 authorized in the voters' capital expenditure resolution, seeks to stay arbitration of defendants' claims insofar as they seek interpretation and enforcement of the construction contracts to require payments in excess of the sum authorized by the voters. Plaintiff contends that such payments would violate its statutory spending restrictions *(see,* Education Law §§ 416, 1704 [1]; § 1709 [6]; § 1718 [1]; § 1804 [1]; § 1805; *see also, Burhans v Union Free School Dist. No. 1,* 24 App Div 429, *affd* 165 NY 661; *Union Free School Dist. No. 4 v Grear,* 57 Misc 472, *affd* 127 App Div 922; 7 Opns St Comp, 1951, at 406; *see generally, Granada Bldgs. v City of Kingston,* 58 NY2d 705, 708; *New York Tel. Co. v Town of N. Hempstead,* 41 NY2d 691, 695-696; *Syracuse Orthopedic Assocs. v City of Syracuse,* 136 AD2d 923, 924; *City of Zanesville v Mohawk Data Sciences Corp.,* 97 AD2d 64, 67). Plaintiff thus contends that arbitration must be stayed on public policy grounds. We agree.

Arbitration is properly stayed where, looking at the subject of the request for arbitration and the demand for relief therein, it must be determined that the arbitrator could not grant the relief requested without violating public policy *(Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 417, citing *Board of Educ. v Areman,* 41 NY2d 527). Applying that test, we conclude that arbitration should be stayed in this case. Plaintiff concedes that defendants have legitimate claims for extra payment, but plaintiff has already spent the sum authorized. Thus, any sum awarded by the arbitrator would necessarily violate public policy. (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Stay Arbitration.) Present— Denman, P. J., Doerr, Green, Lawton and Davis, JJ.