(March 8, 1993)

■ FRANK GENDALIA et al., Appellants, v DONALD GIOFFRE et al., Respondents. [594 NYS2d 322] —In an action, inter alia, to compel payment of accumulated sick leave and vacation time, the plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 3, 1988, as denied their motion for summary judgment and granted those branches of the defendants' cross motion which were to dismiss the causes of action seeking to recover punitive damages and attorneys' fees, and

(2) from a judgment of the same court, entered July 16, 1990, which granted the defendants' motion to dismiss the balance of the complaint at the close of the plaintiffs' case.

Ordered that the appeal from the order is dismissed, without costs or disbursements, and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, and a new trial is granted.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In weighing a motion to dismiss the complaint at the close of the plaintiffs' case, the court must view the evidence in the light most favorable to the plaintiffs, must give them the benefit of all inferences which may fairly be drawn in their favor, and may grant the motion only if no rational process could result in a verdict in their favor (see, Santiago v Steinway Trucking, 97 AD2d 753). The plaintiffs in this case presented evidence which, if believed, would establish that they were often unable to take vacation time and were assured by the Town Supervisor that they could accumulate unused time and defer vacations or receive compensation at a later date. It is undisputed that in 1983, after the plaintiffs' positions were transferred to the new Village of Rye Brook, the Village informed them that they could not carry over surplus vacation time. The plaintiffs made claims for compensation from the Town, which the Town summarily rejected. Similar claims made by other employees were compromised or settled.

Under these circumstances, the evidence presented by the plaintiffs was sufficient to make out a prima facie case that they "refrained from using vacation time on the basis of representations or promises by * * * superiors" (Matter of Rubinstein v Simpson, 109 AD2d 885, 887). The special equitable considerations present in Clift v City of Syracuse (45 AD2d 596) were colorably present here, and the case should have been submitted to the jury.

We note that no case has authorized the payment of accumulated sick time rather than vacation time when employment is involuntarily terminated, absent legislative or contractual provisions (see, 1982 Opns St Comp No. 82-311, at 397; 1981 Opns St Comp No. 81-361, at 395; 1981 Opns St Comp No. 81-72, at 73). A 1980 policy statement issued by the Town

to employees was admitted into evidence, suggesting that post-1980 sick time was allowed to be carried over and was to be compensated but that vacation time was not. In a new trial the jury should be instructed to distinguish between the two classes of claims.

The court properly dismissed the plaintiffs' claim for punitive damages and attorneys' fees *(see, M. C. D. Carbone v Town of Bedford,* 98 AD2d 714; *Sharapata v Town of Islip,* 82 AD2d 350, 362-364, *affd* 56 NY2d 332). We have considered the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Ritter and Pizzuto, JJ., concur.