■ OTU A. OBOT, Appellant, v NEW YORK STATE DEPART- MENT OF CORRECTIONAL SERVICES et al., Respondents. (Appeal No. 2.) [683 NYS2d 468] —Order unanimously affirmed without costs. Same Memorandum as in *Obot v New York State Dept. of Correctional Servs.* (256 AD2d 1089 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Michalek, J.— Dismiss Pleading.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.

■ In the Matter of CAROL M. BRIGGS, Respondent, v TOWN OF PORTLAND, Appellant. [684 NYS2d 810] —Judgment unani- mously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in granting the petition and ordering respondent to pay petitioner for her earned but unused sick leave and vacation time. "In general, a public employee whose employment has terminated may not recover the monetary value of unused vacation and sick time in the absence of statutory or contractual authority" (*Grishman v City of New York*, 183 AD2d 464, 465, *lv denied* 80 NY2d 760; *see, Matter of Antonopoulou v Beame*, 32 NY2d 126, 131). Petitioner has no contractual right to be compensated for her unused sick leave and vacation time and has cited no local law, ordinance or other provision allowing for such payment (*see, Cronk v Town of Babylon*, 65 AD2d 779, *appeal dismissed* 46 NY2d 1074). Unlike the situation in *Clift v City of Syracuse* (45 AD2d 596), petitioner has not alleged that she was urged to forego her vacation time or that she refrained from using her accrued vacation time because of the demands of her job or at the behest of her superiors. (Appeal from Judgment of Supreme Court, Chautauqua County, Cass, J.—CPLR art 78.) Present— Denman, P. J., Wisner, Pigott, Jr., Callahan and Fallon, JJ.