■ VERIFACTS GROUP, INC., Appellant, v TOWN OF BABYLON, Respondent. [700 NYS2d 75] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Jones, J.), dated September 22, 1998, which granted the defendant's motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment, and (2), as limited by its brief, from so much of an order of the same court, entered December 28, 1998, as denied its motion to vacate the order dated September 22, 1998, on the ground that the order was allegedly issued in violation of 22 NYCRR 202.3.

Ordered that the orders are affirmed, with one bill of costs.

Town Law § 64 (6) demands that a formal resolution be passed by the Town Board and executed by the Town Supervisor in the name of the Town before a Town can be bound by any contract. Absent strict compliance with the formal requirements of this statute, no valid contract binding a Town may be found to exist (*see, New York Tel. Co. v Town of North Hempstead,* 41 NY2d 691; *City of Zanesville v Mohawk Data Sciences Corp.,* 97 AD2d 64; *Parone v Rivers,* 84 AD2d 686). The record here contains no evidence that the Town Board of the Town of Babylon ever considered or approved the contract at issue, or that the Town Supervisor ever executed it. Thus, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see, Goldberg v Penny,* 163 AD2d 352).

The plaintiff failed to establish any basis for vacatur of the order dated September 22, 1998, and, thus, the Supreme Court properly denied its motion to vacate. S. Miller, J. P., O'Brien, McGinity and Smith, JJ., concur.