[711 NYS2d 574]

JOHN GRATTO, Appellant, v BOARD OF EDUCATION OF THE AUSABLE VALLEY CENTRAL SCHOOL DISTRICT, Respondent.

Third Department, July 20, 2000

**APPEARANCES OF COUNSEL**

*Whiteman, Osterman & Hanna,* Albany (*Melvin H. Osterman* of counsel), for appellant.

*Stafford, Trombley, Owens & Curtin, P. C.,* Plattsburgh (*Dennis D. Curtin* of counsel), for respondent.

## OPINION OF THE COURT

CARPINELLO, J.

Under the terms of a written employment agreement between the parties, plaintiff served as Superintendent of the Ausable Valley Central School District from September 1, 1988 until his involuntary termination effective July 1, 1998. Pursuant to the contract, which was amended several times over the years, plaintiff was to receive 25 paid vacation days annually to be taken at a time mutually agreed upon between the parties and was also entitled to accumulate a maximum of 45 days of unused vacation time to be "carried over and * * * used during any subsequent year." The contract contained no provision permitting a cash payment for any unused vacation time upon the termination of employment.

In this action sounding in breach of contract and deprivation of property in violation of due process, plaintiff claims that he is entitled to the cash value of the 45 unused vacation days which carried over from the year preceding his termination and 25 additional vacation days which he claims accrued on July 1, 1998, the date of his termination. At issue on appeal is an order of Supreme Court granting defendant summary judgment dismissing the complaint.

In the absence of a statutory or contractual basis for recovery, a public employee may not recover the monetary value of unused vacation time that has accrued as of the date of termination (*see, Matter of Karp v North Country Community Coll.,* 258 AD2d 775; *Matter of Rubinstein v Simpson,* 109 AD2d 885, 886; *Coates v City of New York,* 49 AD2d 565; *Hess v Board of Educ.,* 41 AD2d 151, 153). Notably, plaintiff does not dispute this general point of law or the fact that he has no contractual right to compensation for his unused vacation days. He contends, however, that even in the absence of statutory or contractual authority, a public employee who is involuntarily terminated is constitutionally entitled to receive the cash value of unused vacation days, an argument that rests primarily on the Fourth Department decision in *Clift v City of Syracuse* (45 AD2d 596).

To be sure, the Fourth Department did note in *Clift* that where an employer "discharges an employee without having either given him the opportunity to use the vacation he has earned, or in the alternative, compensating him with its

monetary value, it transgresses the due process requirements of both the New York State and United States Constitutions and it should not be permitted to do so" (*id.*, at 600). *Clift*, however, has never been interpreted to mean that any public employee who is involuntarily discharged is automatically entitled to a cash payment for unused vacation time. To the contrary, *Clift* has been interpreted to involve "special equitable considerations" and recovery under this case is limited (*Gendalia v Gioffre*, 191 AD2d 476, 477; *see, Matter of Rubinstein v Simpson, supra; but see, Matter of Briggs v Town of Portland*, 256 AD2d 1091). Thus, for example, in *Matter of Rubinstein v Simpson* (*supra*), the Second Department rejected a claim for the cash value of accrued vacation time by an employee who was discharged for misconduct, finding the "equitable considerations" present in *Clift* to be lacking in that case (*id.*, at 887). The Court specifically noted that, unlike the facts in *Clift*, there was no claim that the discharged employee ever refrained from using vacation time on the basis of representations or promises of a superior nor was there a showing that the employee was lured into any disadvantageous position (*see, id.*).

In 1991, this Court analyzed *Clift* for the first and only time (*see, May v Board of Educ.*, 170 AD2d 920). In *May v Board of Educ.* (*supra*), the plaintiff employee was given two months' notice that his position was being terminated and that he should therefore use his accrued vacation time before that date (*see, id.*, at 921). Following his termination, he commenced an action, which proceeded to a nonjury trial, to recover the cash value of his accrued vacation time (*see, id.*). This Court affirmed a judgment in his favor, citing with approval *Matter of Rubinstein v Simpson* (*supra*) and likening the facts to *Clift*, because there was evidence in the record that the plaintiff was induced to forego vacation because of assurances by superiors that he would be paid for same upon separation and that the plaintiff was assigned duties outside of his contracted position which negatively affected his opportunity to take all of his accrued vacation time prior to the end of his employment (*see, May v Board of Educ., supra,* at 922; *see also, Gendalia v Gioffre, supra* [claim for unused vacation time reinstated because employees made a prima facie showing that they refrained from using vacation time on the basis of representations and promises by superiors]).

Thus, upon our review of *Clift* as interpreted and applied by this Court in *May v Board of Educ.* (*supra*) and the Second

Department's decisions in *Matter of Rubinstein v Simpson* (*supra*) and *Gendalia v Gioffre* (*supra*), we find that Supreme Court properly conditioned plaintiff's recovery on a prima facie showing, wholly absent here, that he was either lured into not using vacation time based on representations or assurances of a superior or that he was assigned additional duties unrelated to his contractual position during his last year in service which negatively affected his opportunity to take vacation. Said differently, plaintiff needed to make a colorable showing that "[t]he special equitable considerations present in [*Clift*]" (*Gendalia v Gioffre, supra*, at 477) were present here and plaintiff simply failed to do so.

Plaintiff claimed that he was only able to take 25 vacation days during the 1997-1998 school year because of "work responsibilities," with repeated references to a heavy work load. He alleges, for example, that he was busy getting ready for the start of the new school year, involved in screening and interviewing candidates for an open position within the district, preparing for meetings, organizing staff development days, preparing for various arbitrations and negotiating a collective bargaining agreement with the teachers' union. He has wholly failed to demonstrate, however, that any superior or supervisor induced him to forego any vacation time during that year for *any* reason or that he refrained from using vacation time the entire year because of *noncontractual* duties (*see, May v Board of Educ., supra; but see, Matter of Briggs v Town of Portland*, 256 AD2d 1091, *supra*). Under these circumstances, we find that plaintiff is not entitled to the cash value of the 45 vacation days accrued from the 1997-1998 school year.

As a final matter, since the contract between the parties did not provide that vacation time would *fully* accrue at the commencement of the contract/school year (i.e., July 1, 1998), we find that plaintiff did not earn any vacation days for the 1998-1999 school year by virtue of his having been terminated on the very first day of that school year (*see, People v Murphy*, 235 AD2d 554, 555). Plaintiff's reference to a *1997* computer record entitled "Absence Verification Summary" which indicates that he was "credited" in the computer system with 25 days of vacation as of July 1, 1997 is not proof that he was *contractually* entitled to fully accrue all 25 vacation days on the first day of any given school year. To the contrary, the contract merely requires that plaintiff receive 25 vacation days with pay. In the absence of any provision therein entitling plaintiff to 25 *fully accrued* vacation days as of the first day of any given school

year, regardless of how many days actually worked during that year, we will not read such right into the contract (*see, People v Murphy, supra*).

CREW III, J. P., SPAIN, GRAFFEO and ROSE, JJ., concur.

Ordered that the order is affirmed, with costs.