■ GIL KERLIKOWSKE, Respondent-Appellant, v CITY OF BUF-FALO, Appellant-Respondent. [758 NYS2d 739] —Appeal and cross appeal from an order of Supreme Court, Erie County (Martoche, J.), entered March 4, 2002, which denied plaintiff's motion for summary judgment and defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff, the former Police Commissioner for defendant, City of Buffalo (City), commenced this breach of contract action seeking compensation for his unused vacation leave after his request for such compensation was denied by the City's Common Council. Supreme Court properly denied the City's cross motion for summary judgment dismissing the complaint to the extent that the City asserted therein that the action is time-barred. We reject the City's contention that this action is untimely because it is in effect a CPLR article 78 proceeding and thus the four-month statute of limitations applies. The proper vehicle for seeking damages arising from an alleged breach of contract by a public official or governmental body is an action for breach of contract, not a proceeding pursuant to CPLR article 78 (*see Matter of Steve's Star Serv. v County of Rockland,* 278 AD2d 498, 499 [2000]; *Matter of Barrier Motor Fuels v Boardman,* 256 AD2d 405, 405-406 [1998]; *Matter of Golomb v Board of Educ. of City School Dist. of City of N.Y.,* 92 AD2d 256, 256-257, 261 [1983]). "[I]t is well settled that mandamus relief lies only to compel the performance of purely ministerial acts, and may not be used when there are other available remedies at law, such as a breach of contract action" (*Steve's Star Serv.,* 278 AD2d at 500). In this case, plaintiff's action is predicated upon the City's alleged breach of an agreement to compensate plaintiff for his unused vacation leave, and thus the proper vehicle is an action for breach of contract.

We agree with the City, however, that the court erred in denying its cross motion to the extent that the City asserted that plaintiff is not entitled to the relief sought. "In general, a public employee whose employment has terminated may not recover the monetary value of unused vacation and sick time in the absence of statutory or contractual authority" (*Grishman v City of New York,* 183 AD2d 464, 465 [1992], *lv denied* 80 NY2d 760 [1992]; *see Matter of Briggs v Town of Portland,* 256 AD2d 1091 [1998]). In this case, there is no statutory

authority for the relief sought, nor is there any contractual authority for such relief. In fact, a policy memorandum issued by the Mayor nearly 4½ years before plaintiff resigned 'expressly stated to the contrary. Plaintiff contends that he had an enforceable contract with the City that authorized the compensation sought herein based on a letter sent by plaintiff to the Mayor in which he agreed to change his date of resignation in exchange for compensation for his unused vacation leave. The Director of Operations for the City wrote "ok" on the letter and signed it. Plaintiff also relies on a letter written by the President of the Common Council as further confirmation of the alleged contract between the parties. Neither the Director of Operations nor the President of the Common Council was authorized to enter into a binding and enforceable contract on behalf of the City pursuant to City Charter §§ 22-1 and 22-2, however, and thus there was no such binding and enforceable contract (*see H & R Project Assoc. v City of Syracuse,* 289 AD2d 967, 967-968 [2001]; *Gill, Korff & Assoc., Architects & Engr. v County of Onondaga,* 152 AD2d 912, 913 [1989]; *Syracuse Orthopedic Assoc. v City of Syracuse,* 136 AD2d 923, 924 [1988]; *City of Zanesville, Oh. v Mohawk Data Sciences Corp.,* 97 AD2d 64, 66 [1983]). A municipality is not liable for breach of contract when an official of the municipality has exceeded his authority (*see Lindlots Realty Corp. v Suffolk County,* 278 NY 45, 52-53 [1938]; *Mohawk Data Sciences Corp.,* 97 AD2d at 66). Nor may plaintiff rely on the doctrine of estoppel to enforce the alleged contract (*see Granada Bldgs. v City of Kingston,* 58 NY2d 705, 708 [1982], *rearg denied* 58 NY2d 825 [1983]; *Grishman,* 183 AD2d at 466; *Mohawk Data Sciences Corp.,* 97 AD2d at 67-68).

We therefore modify the order by granting the City's cross motion and dismissing the complaint. Present—Hurlbutt, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.