■ RAYMOND GARRIGAN, Respondent, v INCORPORATED VILLAGE OF MALVERNE et al., Appellants. [783 NYS2d 842]—In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated March 14, 2003, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff alleges that the defendants breached a contract to compensate him, upon his retirement from his position as Chief of Police of the Incorporated Village of Malverne, for certain accumulated, but unused, benefits. Thus, the plaintiff commenced an action to recover damages for breach of contract rather than a proceeding pursuant to CPLR article 78 (*see Matter of Art-Tex Petroleum v New York State Dept. of Audit & Control,* 93 NY2d 830 [1999]; *Kerlikowske v City of Buffalo,* 305 AD2d 997 [2003]; *Matter of Steve's Star Serv. v County of Rockland,* 278 AD2d 498 [2000]).

The court properly declined to dismiss the cause of action to recover damages for breach of contract (*see Garrigan v Incorporated Vil. of Malverne,* 12 AD3d 400 [2004] [decided herewith]).

The defendants' remaining contentions are without merit. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.