■ RAYMOND GARRIGAN, Respondent, v INCORPORATED VIL-LAGE OF MALVERNE et al., Appellants. [783 NYS2d 842]—In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated March 14, 2003, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated November 13, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

In response to the defendants' prima facie showing, the plaintiff raised a triable issue of fact as to whether he had a contract with the defendant Incorporated Village of Malverne to compensate him for certain accumulated but unused benefits upon his retirement from his position as Chief of Police. The defendants contend that there was neither express statutory authority nor a contract between the Village and the plaintiff providing for such payments, and, therefore, he may not be compensated for accumulated but unused benefits upon termination (*see* NY Const, art VIII, § 1; *Matter of Antonopoulou v Beame,* 32 NY2d 126 [1973]; *Matter of Rubinstein v Simpson,* 109 AD2d 885 [1985]; *Coates v City of New York,* 49 AD2d 565 [1975]). In response, the plaintiff contends that he had an agreement with the Village to receive the benefits outlined in the Police Benevolent Association contract throughout his tenure as Chief of Police, as well as during his time as a regular member of the police force. That contract provided for payment for accumulated but unused benefits upon retirement, including sick leave, vacation time, and terminal leave. The plaintiff also raised a triable issue of fact as to whether reliance on the defendants' promises prevented him from using his accumulated vacation time before reaching the mandatory age of retirement, entitling him to compensation therefor (*see Gendalia v Gioffre,* 191 AD2d 476 [1993]; *Clift v City of Syracuse,* 45 AD2d 596 [1974]).

The defendants' remaining contentions are without merit. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.