■ GLENVILLE POLICE BENEVOLENT ASSOCIATION et al., Appellants, v CLARENCE MOSHER, as Town Supervisor of the Town of Glenville, et al., Respondents. [816 NYS2d 915]—

Crew III, J.P. Appeals (1) from an order of the Supreme Court (Giardino, J.), entered November 4, 2005 in Schenectady County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

In April 2003, plaintiff Glenville Police Benevolent Association (hereinafter PBA) filed an improper practice charge against the Town of Glenville with the Public Employment Relations Board and, shortly thereafter, filed a similar improper practice charge. In January 2004, the first charge was to be heard before an Administrative Law Judge. Prior to the hearing, however, the attorneys for the Town and the PBA agreed to a settlement, as the result of which the attorney for the PBA withdrew both improper practice charges. The Town Board of the Town of Glenville subsequently reviewed and rejected the settlement agreement, prompting the instant action for breach of contract and unjust enrichment. Following joinder of issue, both plaintiffs and defendants sought summary judgment. Supreme Court granted defendants' motion and denied plaintiff's cross motion, and this appeal ensued.

Town Law § 64 (6) makes abundantly clear that a town cannot be bound contractually unless the contract has been approved by the town board and executed by the supervisor in the town's name. Absent strict compliance with these requirements, no contract with a town will be found to exist (*see e.g. Verifacts Group v Town of Babylon*, 267 AD2d 379 [1999]). Moreover, parties dealing with a town are chargeable with knowledge of the statutes regulating its contracting power and are bound by them (*cf. Parsa v State of New York*, 64 NY2d 143, 147 [1984]).* Inasmuch as the Town Board did not approve the settlement agreement, Supreme Court quite properly granted defendants' motion for summary judgment dismissing the complaint. We have considered plaintiffs' remaining contentions and find them equally unavailing.

Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment are affirmed, without costs.

---

* It is worth noting that in any civil action in this state, a settlement agreement, unless made between counsel in open court, is not binding upon any party unless it is in writing and subscribed by the party sought to be bound (*see* CPLR 2104).