■ In the Matter of GWENDOLYN ROSSI et al., Petitioners, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [945 NYS2d 242]—

Determination of respondent, dated April 2, 2010, after an evidentiary hearing, which denied renewal of petitioner Wendy Eugene's license to operate a group family day care in the basement of her residence, and revoked petitioners' license to operate a group family day care on the first floor of the same premises, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard F. Braun, J.], entered Jan. 18, 2011), dismissed, without costs.

The agency's determination was supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). The record demonstrates that the ceiling height in the basement was less than seven feet in some areas, an undisputed violation of the applicable building code (*see* Administrative Code of City of NY § 28-1208.2). The record also supports the finding that the basement and first floor of the residence, which were connected by an internal staircase, constituted one dwelling unit, and that

applicable regulations prohibited two group family day care programs from operating in one unit (18 NYCRR 416.15 [a] [20] [i]).

Petitioners had no vested right to continue to operate the programs since they were required to remain in compliance with all applicable regulations (see 18 NYCRR 416.3 [l]). Moreover, "estoppel is unavailable against a public agency" (see Granada Bldgs. v City of Kingston, 58 NY2d 705, 708 [1982]). Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.