Great Swamp Conservancy Inc. v Town of Lenox (2021 NY Slip Op 03094)





Great Swamp Conservancy Inc. v Town of Lenox


2021 NY Slip Op 03094


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

531111
[*1]Great Swamp Conservancy Inc., Appellant,
v
Town of Lenox, Respondent.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Rossi & Rossi, New York Mills (Vincent J. Rossi Jr. of counsel), for appellant.
Costello, Cooney & Fearon, PLLC, Syracuse (Matthew W. O'Neil of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (Masler, J.), entered February 19, 2020 in Madison County which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.
On August 11, 2015, the parties entered into a "Lease for Canal Boat" by which defendant leased a wooden canal boat to plaintiff for a 20-year term for the nominal sum of $1. Plaintiff, a not-for-profit corporation, was authorized to place the boat on its premises "for public display, education and general enjoyment." Defendant's Town Board duly authorized the lease by resolution adopted that day. Plaintiff maintains that it also had a separate verbal agreement with defendant's highway superintendent, by which defendant would construct a shelter for the boat on plaintiff's property, provided plaintiff first purchased the materials. This verbal understanding was confirmed by the town supervisor at that time. In 2017, plaintiff acquired the construction materials and contacted defendant about constructing the shelter. Thereafter, defendant's new town supervisor advised that defendant would not perform the requested work. Plaintiff proceeded to construct the shelter and commenced this action to recover the labor costs of $9,513.75. After both parties moved for summary judgment, Supreme Court granted defendant's cross motion and dismissed the complaint. Plaintiff appeals.
We affirm. Under Town Law § 64 (6), a contract with a town must be approved by a town board resolution and signed by the town supervisor. Here, the duly adopted lease did not require defendant to construct a shelter. Not only did the lease require plaintiff to maintain, secure and protect the boat, it also included a merger clause confirming that there were "no representations or understandings of any kind not set forth [in the lease]." As such, defendant was not contractually obligated to construct the structure. Nor was defendant bound by the unauthorized representations of its officers (see Granada Bldgs. v City of Kingston, 58 NY2d 705, 708 [1982]; Glenville Police Benevolent Assn. v Mosher, 31 AD3d 874, 875 [2006]; McKee v City of Cohoes Bd. of Educ., 99 AD2d 923, 925 [1984]). Under the circumstances presented, Supreme Court properly dismissed the complaint. We have considered plaintiff's remaining contentions and find them to be unavailing.
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.