Essex County Leathernecks Detachment #791, Mar. Corps. League v Town of Ticonderoga (2024 NY Slip Op 50334(U))

[*1]

Essex County Leathernecks Detachment #791, Mar. Corps. League v Town of Ticonderoga

2024 NY Slip Op 50334(U)

Decided on March 5, 2024

Supreme Court, Essex County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 5, 2024
Supreme Court, Essex County

The Essex County Leathernecks Detachment #791, 
 Marine Corps. League, Plaintiff,

against
Town of Ticonderoga, Defendant.

Index No. CV23-0266

James Brooks, Lake Placid, for plaintiff.
Meyer, Fuller & Stockwell, PLLC, Lake George (Matthew F. Fuller of counsel), for defendant.

Robert J. Muller, J.

In January 2022, plaintiff's representative Clayton D. Menser, Sr. approached defendant's Town Supervisor, Mark Wright, to propose "an agreement [relative to] the placement and display of a monument to be commissioned, paid for and provided by [plaintiff] at its expense in a public park controlled and maintained by [defendant, with] the monument to honor all the citizens of the Adirondack Region . . . who . . . served their country as member[s] of the United States Marine Corps." Discussions thereafter ensued, with plaintiff apparently advising that it wanted the monument placed in defendant's Bicentennial Park. In response, defendant sent correspondence to Menser on March 22, 2022 advising that "[t]his type of monument would be [more] appropriate for placement in [the T]own's Veterans' Park."
Menser then sent correspondence to Wright on April 25, 2022 advising that a compromise had been reached whereby the monument would be placed in Veterans' Park with defendant installing a flagpole behind the monument and a sidewalk to access it. This compromise was also mentioned at defendant's Town Board meeting on April 28, 2022. The parties thereafter agreed on the exact location for the monument and, on May 23 and 25, 2022, plaintiff paid $3,386.60 to have the concrete foundation poured. 
On May 27, 2022, Wright asked Menser to sign an "Agreement for Use of Veteran's Park" which provided, inter alia, that plaintiff would be responsible for future care and maintenance of the monument and would not interfere with the operation, repair, or maintenance of hydroelectric facilities located at Veterans' Park. Menser declined to sign and the parties' discussions subsequently deteriorated. Menser appeared at defendant's Town Board meeting on June 23, 2022, with the minutes of the meeting stating as follows:
"There have been a few different contracts passed around, [two] from the Town (one being amended from the first one) and [one] from the Marine Corps.
"Supervisor Wright explained that the Town has drawn up a contract, which was mailed yesterday as Mr. Menser did not come to pick it up after the message was left last Friday.
"Mr. Menser stated that that the main concern [for] them is that it was agreed . . . a flagpole would be put in at the Town's expense and that at some point [the Town] would do sidewalks. Based on his conversation two weeks ago Wednesday, [the Town] said that this might not happen and [the parties] had a verbal contract and the only reason they were agreeing to this location was based on the flagpole and possibility of sidewalks and now [the Town is] saying that [it is] not going to do that . . . ."
Discussion ensued with Town Councilwoman Joyce Cooper advising that defendant did not have sufficient funds in its budget to install the flagpole that year, and inquiring whether holes could be drilled in the concrete so flags could be placed during ceremonies. Menser responded that "the agreement was that the flagpole would be put up, the same type and size as the one that is already there on the American Legion." Cooper then stated that there had been no discussion as to the size of the flagpole. At the conclusion of the meeting, Menser advised that the monument would be installed in the Town of Crown Point instead—which it was, on November 11, 2022.
Plaintiff commenced this breach of contract action on June 12, 2023. Presently before the Court is defendant's pre-answer motion to dismiss for failure to state a cause of action (see CPLR 3211 [a] [7]).
On a motion to dismiss for failure to state a cause of action the Court " 'must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts fit within any cognizable legal theory' " (Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1185 [3d Dept 2015], lv denied 25 NY3d 912 [2015], quoting He v Realty USA, 121 AD3d 1336, 1339 [3d Dept 2014] [internal quotation marks and citations omitted]; see Snyder v Brown Chiari, LLP, 116 AD3d 1116, 1117 [3d Dept 2014]).
Town Law § 64 (6) provides that "the town board of every town [m]ay award contracts for any of the purposes authorized by law and the same shall be executed by the supervisor in the name of the town after approval by the town board" [emphasis added]. This section thus "makes abundantly clear that a town cannot be bound contractually unless the contract has been approved by the town board and executed by the supervisor in the town's name" (Glenville Police Benevolent Assn. v Mosher, 31 AD3d 874, 875 [3d Dept 2006]; see Great Swamp Conservancy Inc. v Town of Lenox, 194 AD3d 1221, 1221 [3d Dept 2021]). "Absent strict compliance with these requirements, no contract with a town will be found to exist" (Glenville Police Benevolent Assn. v Mosher, 31 AD3d at 875; see Verifacts Group v Town of Babylon, 267 AD2d 379 [2d Dept 1999]). "Moreover, parties dealing with a town are chargeable with knowledge of the statutes regulating its contracting power and are bound by them" (Glenville Police Benevolent Assn. v Mosher, 31 AD3d at 875; cf. Parsa v State of New York, 64 NY2d 143, 147 [1984]).
Here, it is undisputed that the alleged verbal contract was neither approved by the Town Board nor executed by Wright. To that end, even affording the complaint a liberal construction, accepting as true the allegations contained therein, and according plaintiff the benefit of every favorable inference, the complaint nonetheless fails to state a cause of action and must be [*2]dismissed (see Town Law § 64 [6]; Great Swamp Conservancy Inc. v Town of Lenox, 194 AD3d at 1221-1222; Glenville Police Benevolent Assn. v Mosher, 31 AD3d at 875).
Based upon the foregoing, defendant's motion is granted in its entirety.
Therefore, having considered NYSCEF document Nos. 12 through 15, 17, and 21 through 28, and oral argument having been heard on December 4, 2023 with James Brooks, Esq. appearing on behalf of plaintiff and Matthew F. Fuller, Esq. appearing on behalf of defendant, it is hereby
ORDERED that defendant's motion is granted in its entirety and the complaint dismissed.
Counsel for defendant is hereby directed to serve a copy of this Decision and Order with notice of entry in accordance with CPLR 5513.
Dated: March 5, 2024
Lake George, New York
ROBERT J. MULLER, J.S.C.